FILED
OCT 06 2020
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY ______ DEPUTY CLERK

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

1:20CR 229 LY

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | CRIMINAL NO. ______ |
| **Plaintiff.** | § | |
| | § | |
| **v.** | § | **INDICTMENT** |
| | § | |
| **MICHAEL GEORGE MCQUARN, (1)** **a.k.a. "MCQ"** | § | [Vio: 18 U.S.C. § 1349 - Conspiracy to Commit Wire and Bank Fraud; |
| **HUONG LE, (2)** **a.k.a. Courtney Le** | § | 18 U.S.C. § 1344 - Bank Fraud (2 counts); |
| **DEMETRIUS JOHNSON, (3)** **a.k.a. "Slugger," "Slugga,"** | § | 18 U.S.C. § 1343 - Wire Fraud (2 counts); 18 U.S.C. § 1957 - Engaging in Monetary Transactions in Criminally Derived Property (3 counts); |
| **Defendants.** | § | 18 U.S.C. § 1028A - Aggravated Identify Theft] |

**THE GRAND JURY CHARGES:**

**INTRODUCTION**

1. Beginning in or about April 2020, and continuing until June 2020, in the Western District of Texas and elsewhere, Defendants MICHAEL GEORGE McQUARN, a.k.a. "MCQ;" HUONG LE, a.k.a. Courtney Le; and DEMETRIUS JOHNSON, a.k.a. "Slugger" and "Slugga," and others known and unknown to the Grand Jury, devised and executed a scheme to defraud, and attempted to defraud, one or more financial institutions and the U.S. Small Business Administration (SBA), an agency of the United States Government, in connection with stimulus and economic assistance programs created by the federal government in response to the COVID-19 pandemic.

2. Defendants, and others, used false documents and misrepresentations, including false and fraudulent loan applications and attachments thereto, to influence and attempt to influence numerous financial institutions to approve and fund loans. When successful, these false statements and misrepresentations influenced financial institutions to issue funds that were 100% guaranteed by the SBA, and potentially forgivable. Defendants and others attempted to acquire in excess of $23,000,000 in such loans.

**SBA PAYROLL PROTECTION PROGRAM (PPP)**

3. The Coronavirus Aid, Relief, and Economic Security ("CARES") Act is a federal law enacted in or about March 2020 and designed to provide emergency financial assistance to the millions of Americans who are suffering the economic effect caused by the COVID-19 pandemic. One source of relief provided by the CARES Act was the authorization of up to $349 billion in forgivable loans to small businesses for job retention and certain other expenses, through a program referred to as the Paycheck Protection Program ("PPP"). In or about April 2020, Congress authorized over $300 billion in additional PPP funding.

4. To obtain a PPP loan, a qualifying small business must submit a PPP loan application, which is signed by an authorized representative of the business. The PPP loan application requires the small business applicant (through its authorized representative) to acknowledge the program rules and make certain affirmative certifications in order to be eligible for the PPP loan. In the PPP loan application, the small business applicant (through its authorized representative) must state, among other things, (a) its average monthly payroll expenses; and (b) the number of its employees. These figures are used to calculate the loan amount the small business is eligible to receive under the PPP. In addition, the small business applicant must provide supporting documentation showing its payroll expenses.

5. A small business's PPP application is initially submitted to, and processed by a participating financial institution, then transmitted for further review to the Small Business Administration ("SBA") to assess the applicant's eligibility. If the PPP loan application is approved, the participating financial institution funds the PPP loan using its own monies.

6. Under the terms of the PPP, PPP loan proceeds must be used by the small business applicant for specified permissible expenses, namely, payroll expenses, mortgage interest payments, rent payments, and utilities expenses. The PPP allows the interest and principal on the PPP loan to be entirely forgiven if the small business applicant spends the loan proceeds on the specified expenses within a particular period of time and uses a certain percentage of the PPP loan proceeds on payroll expenses.

7. When submitting an SBA PPP application, the small business applicant is explicitly warned, and must acknowledge, that making a false statement in the application, and/or submitting false or fraudulent supporting documentation, is a violation of federal law.

**SCHEME**

8. It was part of the scheme and artifice to defraud that Defendants prepared and submitted false and fraudulent PPP loan applications to financial institutions and the SBA. The small business applicants were businesses whose registrations with the Texas Secretary of State had expired, or were renewed shortly before an application was submitted after being dormant for a long time. The false and fraudulent statements included, but were not limited to, the following:

a. fabricated payroll expenses for each small business applicant;

b. false and fraudulent representations regarding employees, to include falsely stating the number of employees and using false and fraudulent identification information to

identify alleged employees, most or all of whom were, in truth and fact, not employed by the small business applicant and whose identification information had been stolen or misused;

c. falsely and fraudulently stating that the loan proceeds would be used only for the specified purposes set forth in the loan applications, when, in truth and fact, Defendants applied the loan proceeds for their own personal use and benefit, to include the purchase of a Rolls Royce motor vehicle, a $333,000 pleasure boat, and a boat trailer, and depositing the funds into personal bank accounts for personal expenses.

**FALSE AND FRAUDULENT SBA PPP LOAN APPLICATIONS**

9. Defendants submitted the following SBA PPP loan applications for the following small business applicants and loan amounts on the dates and to the financial institutions listed below. The loan applications contained false and fraudulent statements and representations, as set forth above.

| Business Entity | Application Date | Financial Institution | Amount Requested |
|---|---|---|---|
| Vantastic Voyages | April 25, 2020 | Harvest Small Business Finance, LLC | $953,125.85 |
| Cosmosium Capital Group, LLC | April 27, 2020 | Harvest Small Business Finance, LLC | $391,681.00 |
| Happy Days Movers, LLC | April 29, 2020 | TCF National Bank | $1,299.456.75 |
| Happy Days Movers, LLC | April 29, 2020 | Celtic Bank | $1,299,456.75 |
| Happy Days Movers, LLC | May 1, 2020 | Greater Nevada Credit Union | $1,299,456.75 |
| Happy Days Movers, LLC | May 1, 2020 | Customers Bank | $1,273,722.00 |
| Doc Z's Spectacles, LLC | May 5, 2020 | Celtic Bank | $443,732.00 |
| Maverick Motorworks, LLC | May 5, 2020 | Celtic Bank | $1,233,600.00 |

| | | | |
|---|---|---|---|
| Maverick Motorworks, LLC | May 5, 2020 | Greater Nevada Credit Union | $1,233,600.00 |
| Keeping It Tasty, LLC | May 9, 2020 | Celtic Bank | $956,310.00 |
| MGM Legacy Partners | May 9, 2020 | TCF National Bank | $1,815,241.92 |
| MGM Legacy Partners | May 9, 2020 | Northeast Bank | $1,704,258.40 |
| King Sun, DBA King Hair | May 9, 2020 | Greater Nevada Credit Union | $1,668,901.00 |
| King Sun, DBA King Hair | May 10, 2020 | Celtic Bank | $1,606,402.00 |
| Cool Kids Entertainment Group, LLC | May 11, 2020 | Celtic Bank | $1,720,735.00 |
| Blue Flying Spur, LLC | May 14, 2020 | Celtic Bank | $365,867.00 |
| Next Parking Solutions, LLC | May 14, 2020 | Greater Nevada Credit Union | $394,995.00 |
| Kapolei Tower Partners, LLC | May 15, 2020 | Greater Nevada Credit Union | $1,720,735.00 |
| MGM Legacy Partners | May 15, 2020 | Customers Bank | $1,720,985.00 |

**COUNT ONE**
**Conspiracy to Commit Fraud**
**[18 U.S.C. § 1349]**

10. Paragraphs 1 through 9 of this Indictment are realleged and incorporated as though fully set forth herein.

11. Beginning as early as April 2020, the exact date being unknown to the Grand Jury, and continuing until on or about June 18, 2020, in the Western District of Texas and elsewhere, the Defendants,

**MICHAEL GEORGE MCQUARN,**
**HUONG LE,**
**DEMETRIUS JOHNSON,**

did knowingly and intentionally conspire and agree together and with each other, and with one or more other persons known and unknown to the Grand Jury, to commit one or more offenses against the United States, namely:

a. *Bank Fraud, in violation of 18 U.S.C. § 1344*, that is knowingly executing, or attempting to execute, a scheme and artifice to obtain any of the moneys, funds, credits, assets, securities, and other property owned by, and under the custody and control of, a financial institution, by means of false and fraudulent pretenses, representations, promises, and omissions of material facts, namely, a scheme to acquire SBA PPP funds as described above, in violation of Title 18, United States Code, Section 1344; and

b. *Wire Fraud, in violation of 18 U.S.C. § 1343*, that is, having devised and having intended to devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, promises, and omissions of material facts, namely, a scheme to acquire SBA PPP funds as described above, for the purpose of executing the scheme and artifice, transmitted and caused to be transmitted by means of wire, radio and television communication in interstate commerce certain writings, signs, signals, pictures and sounds.

All in violation of Title 18, United States Code, Section 1349.

**COUNTS TWO AND THREE**
**Bank Fraud**
**[18 U.S.C. § 1344]**

12. Paragraphs 1 through 9 of this Indictment are realleged and incorporated as though fully set forth herein.

13. Beginning at least as early as April 2020, the exact date being unknown to the Grand Jury, and continuing until on or about June 18, 2020, in the Western District of Texas and elsewhere, the Defendants,

**MICHAEL GEORGE MCQUARN,**
**HUONG LE,**
**DEMETRIUS JOHNSON,**

did knowingly execute and attempt to execute a scheme and artifice to defraud a financial institution, as set forth below, and to obtain moneys, funds, credits, assets, securities, and other property owned by, and under the custody and control of, said financial institution by means of false, misleading, and fraudulent pretenses, representations, and promises, and omissions of material facts, namely, a scheme to acquire SBA PPP funds as described above:

| Count | Application Date | Financial Institution | Amount Transferred by Financial Institution |
|---|---|---|---|
| 2 | May 1, 2020 | Greater Nevada Credit Union | $1,299,455.00 |
| 3 | May 9, 2020 | Northeast Bank | $1,704,258.40 |

All in violation of Title 18, United States Code, Section 1344.

**COUNTS FOUR AND FIVE**
**Wire Fraud**
**[18 U.S.C. § 1343]**

14. Paragraphs 1 through 9 of this Indictment are realleged and incorporated as though fully set forth herein.

15. From in or about April 2020, the exact date being unknown to the Grand Jury, and continuing until on or about June 18, 2020, in the Western District of Texas and elsewhere, the Defendants,

**MICHAEL GEORGE MCQUARN,**
**HUONG LE,**
**DEMETRIUS JOHNSON,**

having devised and intended to devise a scheme and artifice to defraud to obtain money and property by means of false, misleading, and fraudulent pretenses, representations, and promises, and omissions of material facts, namely, a scheme to acquire SBA PPP funds as described above, did knowingly cause to be transmitted by wire, radio, or television communication in interstate and foreign commerce, including via the internet, one or more electronic communications constituting and containing a writing, sign, signal, picture, and sound for the purpose of executing and attempting to execute said scheme and artifice:

| Count | Date (on or about) | Description of Wire Transmission |
|---|---|---|
| 4 | April 25, 2020 | Transmission via the internet of a SBA PPP loan application from the Western District of Texas to Harvest Small Business Finance, LLC, Laguna Hills, California, in the Central District of California, for a loan in the amount of $953,125.85. |
| 5 | April 27, 2020 | Transmission via the internet of a SBA PPP loan application from the Western District of Texas to Harvest Small Business Finance, LLC, Laguna Hills, California, in the Central District of California, for a loan in the amount of $391,681.00. |

All in violation of Title 18, United States Code, Section 1343.

**COUNTS SIX AND SEVEN**
**Engaging in Monetary Transactions in Criminally Derived Property**
**[18 U.S.C. § 1957]**

16. Paragraphs 1 through 9 of this Indictment are realleged and incorporated as though fully set forth herein.

17. On or about the dates set forth below, in the Western District of Texas and elsewhere, the Defendant,

**MICHAEL GEORGE MCQUARN**

did knowingly engage and attempt to engage in a monetary transaction in criminally derived property of a value greater than ten thousand dollars ($10,000.00), set forth below, which property was derived from specified unlawful activity, namely, Bank Fraud, contrary to Title 18, United States Code, Section 1344, as set forth in Counts Two and Three of this Indictment, and Wire Fraud, contrary to Title 18, United States Code, Section 1343, as set forth in Counts Four and Five of this Indictment:

| Count | Date | Description of Monetary Transaction |
|---|---|---|
| 6 | May 21, 2020 | Wire transfer of funds in and affecting commerce in the amount of $333,000.00 from Greater Nevada Credit Union account ending in 9448 for the purchase of a 26 foot Pavati Wake Boat |
| 7 | May 28, 2020 | Wire transfer of funds in and affecting commerce in the amount of $241,392.00 from Guaranty Bank & Trust account ending in 9697 for the purchase of a Rolls Royce Dawn motor vehicle |

All in violation of Title 18, United States Code, Section 1957.

**COUNT EIGHT**
**Engaging in Monetary Transaction in Criminally Derived Property**
**[18 U.S.C. § 1957]**

18. Paragraphs 1 through 9 of this Indictment are realleged and incorporated as though fully set forth herein.

19. On or about June 15, 2020, in the Western District of Texas, the Defendant,

**HUONG LE**

did knowingly engage and attempt to engage in a monetary transaction in criminally derived property of a value greater than ten thousand dollars ($10,000.00), namely,

> an ACH transfer of funds in and affecting commerce in the amount of $117,436.00 from BBVA Compass bank account ending in 4540 to BBVA Compass Bank account ending in 4984

which property was derived from specified unlawful activity, namely, Bank Fraud, contrary to Title 18, United States Code, Section 1344, as set forth in Counts Two and Three of this Indictment, and Wire Fraud, contrary to Title 18, United States Code, Section 1343, as set forth in Counts Four and Five of this Indictment.

All in violation of Title 18, United States Code, Section 1957.

**COUNT NINE**
**Aggravated Identity Theft**
**[18 U.S.C. §§ 1028A & 2]**

20. Between on or about April 25, 2020, and on or about May 15, 2020, in the Western District of Texas and elsewhere, the Defendants,

**MICHAEL GEORGE MCQUARN,**
**HUONG LE,**
**DEMETRIUS JOHNSON,**

did knowingly use, without lawful authority, a means of identification of another person, to wit, a name and preparer tax identification number belonging to D.B., a payroll business owner and person known to the Grand Jury, during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c), to wit: Conspiracy to Commit Wire Fraud and Bank Fraud, Bank Fraud, and Wire Fraud, as charged in Counts One through Five of this Indictment, knowing that the means of identification belonged to another actual person, and did aid and abet the commission of said offense.

All in violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

## NOTICE OF UNITED STATES OF AMERICA'S DEMAND FOR FORFEITURE
**[*See* FED. R. CRIM. P. 32.2]**

### I.
### Fraud & Monetary Transaction Violations and Forfeiture Statutes
**[18 U.S.C. §§ 1343, 1344, 1349, & 1957**
**subject to forfeiture pursuant to 18 U.S.C. §§ 982(a)(1) & (2)]**

As a result of the foregoing criminal violations set forth in Counts One through Eight, the United States gives notice to the Defendants of its intent to seek the forfeiture of property, including any items listed below, upon conviction and as a part of sentence pursuant to FED. R. CRIM. P. 32.2 and 18 U.S.C. §§ 982(a)(1) & (2), which state:

> **18 U.S.C. § 982. Criminal Forfeiture**
> **(a)(1)** The court, in imposing sentence on a person convicted of an offense in violation of section . . . 1957 . . . of this title, shall order that the person forfeit to the United States any property, real or personal, involved in such offense, or any property traceable to such property.
> **(2)** The court, in imposing sentence on a person convicted of a violation of, or a conspiracy to violate—
> **(A)** section . . . 1343, or 1344 of this title, affecting a financial institution . . .
> * * *
> shall order that the person forfeit to the United States any property constituting, or derived from, proceeds the person obtained directly or indirectly, as the result of such violation.

This Notice of Demand for Forfeiture includes but is not limited to the following items:

### II.
### Properties

**Accounts**

1. **<u>$382,622.19</u> from Guaranty Bank & Trust, Account Number XXXX9697 seized from Michael McQuarn;**

2. **<u>$113,204.90</u> from BBVA Compass Bank, Account Number XXXXXX4540 seized from Huong Lee;**

3. **<u>$55,704.50</u> from Guaranty Bank & Trust, Account Number XXXX9689 seized from Michael McQuarn;**

4. **$35,001.24 from United Heritage Credit Union (UHCU), Account Number XX7063 seized from Huong Le;**

5. **$129,798.49 from BBVA Compass Bank, Account Number XXXXXX4984 seized from Huong Le;**

6. **$24,230.55 from BBVA Compass Bank, Account Number XXXXXX9611 seized from Huong Le;**

7. **$726,153.65 from BancorpSouth Bank (BSB), Account Number XXXX6403;**

8. **$500.00 from BancorpSouth Bank (BSB), Account Number XXXX5980;**

9. **$7,689.14 from United Heritage Credit Union (UHCU), Account Number XX7057 and**

10. **$400,000.00 from United Heritage Credit Union (UHCU), Account Number XX7430.**

**Vehicles**

1. **2017 Rolls Royce Dawn, VIN: SCA666D51HU102887 seized from Michael McQuarn; and**

2. **2015 Triumph Bonneville, VIN: SMT910K12FT666103 seized from Michael McQuarn.**

**Vessels**

1. **2020 Pavati 26' Pavati Wake Boat, HIN # HIGW0061C920 seized from Michael McQuarn; and**

2. **2020 Pavati 26' Triple Axle Wakeboard Trailer, VIN: 58LMB2634KA002223.**

**Check**

1. **$10,934.38 from Crosswater Yacht Club, seized from Michael McQuarn.**

**Cash**

1. **$9,500.00 seized from Huong Le.**

## III.
## Money Judgment

**Money Judgment:** A sum of money equal to the proceeds from and property involved in the fraud violations and money transaction violations that was not recovered by the government and for which each Defendant is liable.

## IV.
## Substitute Property

If any proceeds from and property involved in the fraud violations and money transaction violations, as a result of any act or omission of the Defendants—

**(A)** cannot be located upon the exercise of due diligence;
**(B)** has been transferred or sold to, or deposited with, a third party;
**(C)** has been placed beyond the jurisdiction of the court;
**(D)** has been substantially diminished in value; or
**(E)** has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States to seek the forfeiture of any other property of each Defendant, up to the value of each money judgment, as substitute property pursuant to Title 21 U.S.C. § 853(p) and FED. R. CRIM. P. 32.2(e).

A TRUE BILL:

Original Signature Redacted Pursuant to E-Government Act of 2002
FOREPERSON

JOHN F. BASH
United States Attorney

By: ______________________
MICHAEL GALDO
Assistant United States Attorney

By: ______________________
MATTHEW DEVLIN
Assistant United States Attorney