FILED
MAR 23 2022
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
         DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | CRIMINAL NO. 1:20-CR-229-3 |
| Plaintiff. | § § § § | |
| v. | § § § § § | **SUPERSEDING INDICTMENT** |
| DEMETRIUS JOHNSON, (3) a.k.a. "Slugger," "Slugga," "Bugg" | § § § § § § § § § § | [Vio: 18 U.S.C. § 1349 - Conspiracy to Commit Wire and Bank Fraud; 18 U.S.C. § 1343 - Wire Fraud (2 counts); 18 U.S.C. § 1957 - Engaging in Monetary Transactions in Criminally Derived Property; 18 U.S.C. § 1028A - Aggravated Identify Theft (2 counts)] |
| Defendant. | | |

**THE GRAND JURY CHARGES:**

**INTRODUCTION**

1. Beginning in or about April 2020, and continuing until June 2020, in the Western District of Texas and elsewhere, Defendant DEMETRIUS JOHNSON, a.k.a. "Slugger" and "Slugga" and his coconspirators HUONG LE, a.k.a. Courtney Le and MICHAEL GEORGE McQUARN, a.k.a. "MCQ" (who were charged in the original Indictment in this case), and others, devised and executed a scheme to defraud, and attempted to defraud, one or more financial institutions and the U.S. Small Business Administration (SBA), an agency of the United States Government, in connection with stimulus and economic assistance programs created by the federal government in response to the COVID-19 pandemic. JOHNSON did not communicate or share

information directly with McQUARN, but both McQUARN and JOHNSON worked with LE during the conspiracy.

2. Defendant JOHNSON, his co-defendants, and others, used false documents and misrepresentations, including false and fraudulent loan applications and attachments thereto, to influence and attempt to influence numerous financial institutions to approve and fund loans. When successful, these false statements and misrepresentations influenced financial institutions to issue funds that were 100% guaranteed by the SBA, and potentially forgivable. During the course of the conspiracy, applications requesting more than $23,000,000 were submitted. JOHNSON was not aware of all of the applications submitted by other members of the conspiracy.

## SBA PAYROLL PROTECTION PROGRAM (PPP)

3. The Coronavirus Aid, Relief, and Economic Security ("CARES") Act was a federal law enacted in or around March 2020 and designed to provide emergency financial assistance to the millions of Americans who are suffering the economic effects caused by the COVID-19 pandemic. The CARES Act appropriated $349 billion in forgivable loans to small businesses for job retention and certain other expenses, through a program referred to as the Paycheck Protection Program ("PPP"). In or around April 2020, Congress increased its appropriations to add an additional $310 billion for additional PPP funding. The Economic Aid to Hard-Hit Small Businesses, Nonprofits, and Venues Act was enacted on December 27, 2020 to continue assistance under the PPP. Under the Economic Aid Act, the PPP was extended to provide additional funding for guaranteed SBA loans. In March 2021, the American Rescue Plan Act provided an additional $7 billion in program funding, which increased the total available PPP funding to about $813 billion.

4. In order to obtain a PPP loan, a qualifying business was required to submit a PPP loan application, which was signed by an authorized representative of the business. The PPP loan application required the business (through its authorized representative) to acknowledge the program rules and make certain affirmative certifications in order to be eligible to obtain the PPP loan. In the PPP loan application, the small business (through its authorized representative) was required to state, among other things, its: (a) average monthly payroll expenses; and (b) number of employees. These figures were used to calculate the amount of money the small business was eligible to receive under the PPP. In addition, businesses applying for a PPP loan were required to provide documentation showing their payroll expenses.

5. A PPP loan application was required to be processed by a participating lender. If a PPP loan application was approved, the participating lender funded the PPP loan using its own monies, which were 100% guaranteed by the SBA. Data from the application, including information about the borrower, the total amount of the loan, and the listed number of employees, was transmitted by the lender to the SBA in the course of processing the loan.

6. PPP loan proceeds were required to be used by the business on certain permissible expenses—payroll costs, interest on mortgages, rent, and utilities. The PPP allowed the interest and principal on the PPP loan to be entirely forgiven if the business spent the loan proceeds on these expense items within a designated period of time after receiving the proceeds and used a certain amount of the PPP loan proceeds on payroll expenses.

## SCHEME

7. It was part of the scheme and artifice to defraud that Defendant and his coconspirators prepared and helped prepare and submitted false and fraudulent PPP loan applications to financial institutions, knowing those would in turn be submitted to the SBA. The

fraudulent small business applicants were businesses whose registrations with the Texas Secretary of State had expired, or were renewed shortly before an application was submitted after being dormant for a long time. The false and fraudulent statements included, but were not limited to, the following:

    a.    fabricated payroll expenses for each small business applicant;

    b.    false and fraudulent representations regarding employees, to include falsely stating the number of employees and using false and fraudulent identification information to identify alleged employees, most or all of whom were, in truth and fact, not employed by the small business applicant and whose identification information had been stolen or misused. For example, JOHNSON sent the name and social security numbers for A.S., R.Z., and K.W. via text message to LE on April 24, 2020, which were fraudulently used in applications;

    c.    falsely and fraudulently stating that the loan proceeds would be used only for the specified purposes set forth in the loan applications, when, in truth and fact, Defendant JOHNSON and his coconspirators applied a portion of the loan proceeds for their own personal use and benefit.

## FALSE AND FRAUDULENT SBA PPP LOAN APPLICATIONS

8.     Defendant JOHNSON and his co-defendants,

    a.    having devised and intended to devise the aforementioned scheme and artifice to defraud to obtain money and property by means of false, misleading, and fraudulent pretenses, representations, and promises, and omissions of material facts, namely, a scheme to acquire SBA PPP funds as described above, did knowingly cause to be transmitted by wire, radio, or television communication in interstate and foreign commerce, including via the internet, one or

more electronic communications constituting and containing a writing, sign, signal, picture, and sound for the purpose of executing and attempting to execute said scheme and artifice, and

   b.  knowingly executed and attempted to execute the aforementioned scheme and artifice to defraud a financial institution, set forth above, and to obtain moneys, funds, credits, assets, securities, and other property owned by, and under the custody and control of, said financial institution by means of false, misleading, and fraudulent pretenses, representations, and promises, and omissions of material facts, namely, the false and fraudulent SBA PPP loan applications set forth below for the following small business applicants and loan amounts on the dates and to the financial institutions listed below. The loan applications contained false and fraudulent statements and representations, as set forth above.

| Business Entity | Application Date | Financial Institution | Amount Requested |
|---|---|---|---|
| Vantastic Voyages | April 25, 2020 | Harvest Small Business Finance, LLC | $953,125.85 |
| Cosmosium Capital Group, LLC | April 27, 2020 | Harvest Small Business Finance, LLC | $391,681.00 |
| Happy Days Movers, LLC | April 29, 2020 | TCF National Bank | $1,299.456.75 |
| Happy Days Movers, LLC | April 29, 2020 | Celtic Bank | $1,299,456.75 |
| Happy Days Movers, LLC | May 1, 2020 | Greater Nevada Credit Union | $1,299,456.75 |
| Happy Days Movers, LLC | May 1, 2020 | Customers Bank | $1,273,722.00 |
| Doc Z's Spectacles, LLC | May 5, 2020 | Celtic Bank | $443,732.00 |
| Maverick Motorworks, LLC | May 5, 2020 | Celtic Bank | $1,233,600.00 |
| Maverick Motorworks, LLC | May 5, 2020 | Greater Nevada Credit Union | $1,233,600.00 |
| Keeping It Tasty, LLC | May 9, 2020 | Celtic Bank | $956,310.00 |

| | | | |
|---|---|---|---|
| MGM Legacy Partners | May 9, 2020 | TCF National Bank | $1,815,241.92 |
| MGM Legacy Partners | May 9, 2020 | Northeast Bank | $1,704,258.40 |
| King Sun, DBA King Hair | May 9, 2020 | Greater Nevada Credit Union | $1,668,901.00 |
| King Sun, DBA King Hair | May 10, 2020 | Celtic Bank | $1,606,402.00 |
| Cool Kids Entertainment Group, LLC | May 11, 2020 | Celtic Bank | $1,720,735.00 |
| Blue Flying Spur, LLC | May 14, 2020 | Celtic Bank | $365,867.00 |
| Next Parking Solutions, LLC | May 14, 2020 | Greater Nevada Credit Union | $394,995.00 |
| Kapolei Tower Partners, LLC | May 15, 2020 | Greater Nevada Credit Union | $1,720,735.00 |
| MGM Legacy Partners | May 15, 2020 | Customers Bank | $1,720,985.00 |

9. The Maverick Motorworks SBA PPP loan application to Greater Nevada Credit Union listed above was approved on May 22, 2020 and funded in the amount of $1,233,599 on May 27, 2020 sent to BancorpSouth Bank account ending in #6403. That SBA PPP loan money was used to fund the check described in Count One. JOHNSON in fact knew that these funds involved criminally derived property.

## COUNT ONE
### Conspiracy to Commit Fraud
### [18 U.S.C. § 1349]

10. Paragraphs 1 through 9 of this Indictment are realleged and incorporated as though fully set forth herein.

11. Beginning as early as April 2020, the exact date being unknown to the Grand Jury, and continuing until on or about June 18, 2020, in the Western District of Texas and elsewhere, the Defendant,

**DEMETRIUS JOHNSON,**

did knowingly and intentionally conspire with one or more other persons known and unknown to the Grand Jury, to commit one or more offenses against the United States, namely:

    a. *Bank Fraud, in violation of 18 U.S.C. § 1344*, that is knowingly executing, or attempting to execute, a scheme and artifice to obtain any of the moneys, funds, credits, assets, securities, and other property owned by, and under the custody and control of, a financial institution, by means of false and fraudulent pretenses, representations, promises, and omissions of material facts, namely, a scheme to acquire SBA PPP funds as described above, in violation of Title 18, United States Code, Section 1344; and

    b. *Wire Fraud, in violation of 18 U.S.C. § 1343*, that is, having devised and having intended to devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, promises, and omissions of material facts, namely, a scheme to acquire SBA PPP funds as described above, for the purpose of executing the scheme and artifice, transmitted and caused to be transmitted by means of wire, radio and television communication in interstate commerce certain writings, signs, signals, pictures and sounds.

All in violation of Title 18, United States Code, Section 1349.

## COUNTS TWO AND THREE
### Wire Fraud
### [18 U.S.C. § 1343]

12. Paragraphs 1 through 9 of this Indictment are realleged and incorporated as though fully set forth herein.

13. From in or about April 2020, the exact date being unknown to the Grand Jury, and continuing until on or about June 18, 2020, in the Western District of Texas and elsewhere, the Defendant,

### DEMETRIUS JOHNSON,

having devised and intended to devise a scheme and artifice to defraud to obtain money and property by means of false, misleading, and fraudulent pretenses, representations, and promises, and omissions of material facts, namely, a scheme to acquire SBA PPP funds as described above, and aiding and abetting the same, did knowingly cause to be transmitted by wire, radio, or television communication in interstate and foreign commerce, including via the internet, one or more electronic communications constituting and containing a writing, sign, signal, picture, and sound for the purpose of executing and attempting to execute said scheme and artifice, or aid and abet the same:

| Count | Date (on or about) | Description of Wire Transmission |
|---|---|---|
| 2 | May 5, 2020 | Transmission via the internet of a SBA PPP loan application from the Western District of Texas to the Greater Nevada Credit Union, in the District of Nevada, for a loan in the amount of $1,233,600.00. |
| 3 | May 10, 2020 | Transmission via the internet of a SBA PPP loan application from the Western District of Texas to Celtic Bank, Salt Lake City, Utah, in the District of Utah, for a loan in the amount of $1,606,402.00. |

All in violation of Title 18, United States Code, Section 1343 and 2.

## COUNT FOUR
### Engaging in Monetary Transaction in Criminally Derived Property
### [18 U.S.C. § 1957]

14. Paragraphs 1 through 9 of this Indictment are realleged and incorporated as though fully set forth herein.

15. On or about June 15, 2020, in the Western District of Texas, the Defendant,

**DEMETRIUS JOHNSON**

did knowingly engage and attempt to engage in, a monetary transaction in criminally derived property of a value greater than ten thousand dollars ($10,000.00), namely,

> Maverick Motorworks wrote a check from BancorpSouth Bank account ending in #6403 in the amount of $400,000 on June 11, 2020. This check was deposited by JOHNSON and LE into United Heritage Credit Union account number ending in #7430 on or about June 15, 2020,

which property was derived from specified unlawful activity, namely, Wire Fraud, contrary to Title 18, United States Code, Section 1343, as described above in this Superseding Indictment, and did aid and abet said offense.

All in violation of Title 18, United States Code, Sections 1957 and 2.

## COUNT FIVE
### Aggravated Identity Theft
### [18 U.S.C. §§ 1028A & 2]

16. Between on or about April 25, 2020, and on or about May 15, 2020, in the Western District of Texas and elsewhere, the Defendant,

**DEMETRIUS JOHNSON,**

did knowingly use, without lawful authority, a means of identification of another person, to wit, a name and preparer tax identification number belonging to D.B., a payroll business owner and

person known to the Grand Jury, during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c), to wit: Conspiracy to Commit Wire Fraud and Bank Fraud, and Wire Fraud, as charged in Counts One through Three of this Superseding Indictment, knowing that the means of identification belonged to another actual person, and did aid and abet the commission of said offense.

All in violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

## COUNT SIX
### Aggravated Identity Theft
### [18 U.S.C. §§ 1028A & 2]

17.     Between on or about April 25, 2020, and on or about May 15, 2020, in the Western District of Texas and elsewhere, the Defendant,

**DEMETRIUS JOHNSON,**

did knowingly use, without lawful authority, a means of identification of another person, to wit, the name and social security number of A.S., R.Z., and K.W. persons known to the Grand Jury, during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c), to wit: Conspiracy to Commit Wire Fraud and Bank Fraud, and Wire Fraud, as charged in Counts One through Three of this Superseding Indictment, knowing that the means of identification belonged to another actual person, and did aid and abet the commission of said offense.

All in violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

# NOTICE OF UNITED STATES OF AMERICA'S DEMAND FOR FORFEITURE
[*See* FED. R. CRIM. P. 32.2]

## I.
### Fraud & Monetary Transaction Violations and Forfeiture Statutes
[18 U.S.C. §§ 1343, 1349, and 1957
subject to forfeiture pursuant to 18 U.S.C. § 982(a)(1) & (2)]

As a result of the foregoing criminal violations set forth in Counts One to Four, the United States gives notice to the Defendant of its intent to seek the forfeiture of property, including any items listed below, upon conviction and as a part of sentence pursuant to FED. R. CRIM. P. 32.2 and 18 U.S.C. § 982(a)(1), which state:

> **18 U.S.C. § 982. Criminal Forfeiture**
> **(a)(1)** The court, in imposing sentence on a person convicted of an offense in violation of section . . . 1957 . . . of this title, shall order that the person forfeit to the United States any property, real or personal, involved in such offense, or any property traceable to such property.
> **(2)** The court, in imposing sentence on a person convicted of a violation of, or a conspiracy to violate—
> (A) section . . . 1343, or 1344 of this title, affecting a financial institution . . .
> \* \* \*
> shall order that the person forfeit to the United States any property constituting, or derived from, proceeds the person obtained directly or indirectly, as the result of such violation.

This Notice of Demand for Forfeiture includes but is not limited to the following items.

## II.
### Properties

**Accounts**

1. **$726,153.65** from BancorpSouth Bank (BSB), Account Number XXXX6403;

2. **$500.00** from BancorpSouth Bank (BSB), Account Number XXXX5980; and

3. **$400,000.00** from United Heritage Credit Union (UHCU), Account Number XX7430.

### III.
### Money Judgment

**Money Judgment:** A sum of money equal to **$106,945.35** which represents the value of the property involved in the Defendant's monetary transaction violations that was not recovered by the government and for which the Defendant is liable,

### IV.
### Substitute Property

If any property involved in the monetary transaction violations, as a result of any act or omission of the Defendant—

(A) cannot be located upon the exercise of due diligence;
(B) has been transferred or sold to, or deposited with, a third party;
(C) has been placed beyond the jurisdiction of the court;
(D) has been substantially diminished in value; or
(E) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States to seek the forfeiture of any other property of the Defendant, up to the value of the money judgment, as substitute property pursuant to Title 21 U.S.C. § 853(p) and FED. R. CRIM. P. 32.2(e).

A TRUE BILL:

**ORIGINAL SIGNATURE REDACTED PURSUANT TO E-GOVERNMENT ACT OF 2002**

ASHLEY C. HOFF
United States Attorney

By: _____
MATTHEW DEVLIN
MICHAEL GALDO
Assistant United States Attorneys